**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 99-6643**

———————

THOMAS ANTHONY CUMMINGS,

Petitioner - Appellant,

versus

STATE OF SOUTH CAROLINA; CHARLES M. CONDON,
Attorney General of the State of South Caro-
lina,

Respondents - Appellees.

———————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  C. Weston Houck, Chief District
Judge.  (CA-98-1591-3-12BC)

———————

Submitted:  September 9, 1999        Decided:  September 14, 1999

———————

Before ERVIN, WILKINS, and HAMILTON, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Thomas Anthony Cummings, Appellant Pro Se.  Donald John Zelenka,
Chief Deputy Attorney General, Columbia, South Carolina, for
Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Thomas Anthony Cummings seeks to appeal the district court's order granting summary judgment in favor of the Appellee on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 1999). We dismiss the appeal for lack of jurisdiction because Cummings' notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on March 19, 1999. Cummings' notice of appeal was filed on May 3, 1999.[*] Because Cummings failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been given to prison officials for mailing. See Fed. R. Civ. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED